Zheng v. Holder

BIA
Videla, IJ
A087 799 361

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand fourteen.

PRESENT:
      ROSEMARY S. POOLER,
      GERARD E. LYNCH,
      CHRISTOPHER F. DRONEY,
         *Circuit Judges.*

_____

DECHENG ZHENG,
      *Petitioner,*

      v.                    13-499
                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Ai Tong, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General, Blair T. O'Connor, Assistant Director, Juria L. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Decheng Zheng, a native and citizen of China, seeks review of a January 22, 2013, decision of the BIA affirming a July 7, 2011, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Decheng Zheng*, No. A087 799 361 (B.I.A. Jan. 22, 2013), *aff'g* No. A087 799 361 (Immig. Ct. N.Y. City July 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). Accordingly, the IJ's finding that Zheng's asylum application was untimely is not before us. We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007). Thus, we "defer

2

. . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

We conclude that the adverse credibility determination is supported by substantial evidence. In finding Zheng not credible, the IJ reasonably relied in part on Zheng's demeanor, noting that his testimony was often unresponsive and that it seemed as though he was testifying from memorized information. 8 U.S.C. § 1158(b)(1)(B)(iii); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 116-117 (2d Cir. 2007) ("When reviewing an IJ's credibility findings, we afford particular deference in applying the substantial evidence standard. This deference is at its highest point where an IJ's credibility determinations are based on observation of the applicant's demeanor[.]" (internal quotations and citations omitted)). The IJ reasonably rejected Zheng's vague explanation that he was "very nervous" and that his "heart [was] pounding," especially in light of Zheng's apparent ability to recall other facts and dates with a high degree of specificity. *See Majidi v.*

*Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (agency need not credit explanations unless they would compel reasonable fact-finder to do so).

The adverse credibility determination is further supported by the IJ's identification of inconsistencies in Zheng's testimony about when he made the decision to leave China and the status of his passport. In particular, Zheng gave varying testimony about when he decided to leave China, despite also testifying that the decision was one of the most important he made in his life. Zheng also offered inconsistent testimony about the number of passports he had possessed. Zheng argues that the IJ and BIA erred in relying on these inconsistencies because they failed to consider his explanations for the discrepancies in his testimony. Zheng's contention is meritless. The IJ gave Zheng several opportunities to explain his apparently inconsistent answers during the hearing, considered Zheng's explanations, and found them unpersuasive. Nothing in the record would compel a reasonable fact-finder to credit Zheng's explanations. *See Majidi*, 430 F.3d at 80-81.

Nor did the IJ err in finding some of Zheng's testimony implausible. The implausibility finding was tethered to the

4

record before the IJ.  *See Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) (stating that, so long as an inference is tethered to the record, the Court affords it deference).  In particular, the IJ reasonably relied on the disconnect between various portions of Zheng's own testimony and information found in the State Department's Country Report to conclude that Zheng's account of how the family planning officials reacted to his wife missing a single IUD check-up was implausible.  See *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (noting that State Department reports are usually the best available source of information about conditions within a country).

Having identified valid grounds for questioning Zheng's credibility, the IJ reasonably relied on his failure to provide adequate evidence to support his application.  "An applicant's failure to corroborate his testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  Here, although Zheng submitted a letter from his wife, the IJ reasonably decided to afford the letter little weight because Zheng's wife was an interested party who was not available for cross-

5

examination. *See Xiao Ji Chen,* 471 F.3d at 342 (finding that the weight afforded to the applicant's evidence lies largely within the discretion of the agency). Additionally, Zheng concedes that the IJ identified missing evidence, and does not argue that the evidence was unavailable. Accordingly, he has shown no error in the corroboration finding. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) (recognizing that IJ may not be able to determine that corroboration is needed until conclusion of hearing and applicant has "burden of introducing such evidence without prompting").

Given the inconsistencies, problematic demeanor, implausible testimony, and lack of corroboration, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 167. Thus, the agency did not err in denying asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006) (recognizing that withholding of removal and CAT claims necessarily fail if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same).

6

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, petitioner's February 14, 2013 motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7